Blanco-Guerrero v. Blanche

BIA
Palmer, IJ
A201 459 077/078

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand twenty-six.

PRESENT:
    REENA RAGGI,
    DENNY CHIN,
    JOSEPH F. BIANCO,
        *Circuit Judges.*

_____

JUAN ALBERTO BLANCO-GUERRERO,
ANNIA MARGARITA BLANCO-
RODAS,
        *Petitioners*,

        v.                                                    **24-22**
                                                              **NAC**

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,

*Respondent.**

_____

FOR PETITIONERS:          Bruno J. Bembi, Hempstead, NY.

FOR RESPONDENT:        Brian M. Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Andrew N. O'Malley, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Juan Alberto Blanco-Guerrero, Annia Margarita Blanco-Rodas, natives and citizens of Nicaragua, seek review of a November 29, 2023 decision of the BIA, affirming a November 27, 2019 decision of an Immigration Judge ("IJ"), which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Juan Alberto Blanco-Guerrero, Annia Margarita Blanco-Rodas*, Nos. A 201 459 077/078 (B.I.A. Nov. 29, 2023), *aff'g* Nos. A 201 459 077/078 (Immig. Ct. N.Y. City Nov. 27, 2019). We

---

\* The Clerk of Court is respectfully directed to amend the caption as set forth above. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Pamela Bondi as Respondent.

assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding "under the substantial evidence standard," and questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We discern no error in the agency's determination that Blanco-Guerrero failed to adequately corroborate his claims with reasonably available evidence.

> The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.

*Id.* § 1158(b)(1)(B)(ii). "[A]n applicant may be generally credible but his testimony may not be sufficient to carry the burden of persuading the fact finder

3

of the accuracy of his claim of crucial facts if he fails to put forth corroboration that should be readily available." *Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018); *see also Pinel Gomez v. Garland*, 52 F.4th 523, 529–30 (2d Cir. 2022) (holding that a failure to provide reasonably available corroboration can be an independent basis for denying relief where evidence is "unpersuasive" or "did not include specific facts sufficient to demonstrate that the applicant is a refugee" (quotation marks omitted)). Before denying a claim solely on this basis, an IJ must (1) identify specific pieces of missing relevant documentation and explain why they were reasonably available; (2) provide the applicant with an opportunity to explain the omission; and (3) assess any explanation given. *Wei Sun*, 883 F.3d at 31.

As an initial matter, we decline to depart from our reasoning in *Wei Sun*—that an IJ need not follow this procedure "*prior* to the IJ's disposition of the alien's claim," *id.*—because *Loper Bright Enterprises v. Raimondo* did "not call into question prior cases that relied on the *Chevron* framework,"[†] 603 U.S. 369, 376 (2024); *see also id.* at 412 ("The holdings of those cases that specific agency actions are lawful . . . are still subject to statutory *stare decisis* despite our change in interpretive methodology.").

---

[†] *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

Nor did the agency err in concluding that Blanco-Guerrero failed to corroborate his own political beliefs, participation in anti-government protests in Nicaragua, or past harm. "[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ," and the IJ followed the procedure set forth in *Wei Sun* in analyzing the lack of corroboration. *Wei Sun*, 883 F.3d at 28, 31 (internal quotation marks and citation omitted).

First, the IJ identified missing evidence, including statements from Blanco-Guerrero's wife, family (in Nicaragua and the United States), and friends or coworkers in Nicaragua, that could have corroborated key facts of his claims, including that he participated in a protest where authorities fired shots at demonstrators and that he spent a month in hiding at a coworker's home. *See id.* at 31. The IJ also explained why such evidence was reasonably available, *e.g.*, his mother had obtained and sent statements from other people, and his brother— who had been granted withholding of removal based on his own political activities—was at the hearing but did not testify or provide a written statement. *Id.*

None of Blanco-Guerrero's explanations for the missing evidence compel the conclusion that the corroboration was not reasonably available. *See* 8 U.S.C.

5

§ 1252(b)(4)(D) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."). As to his mother, wife, and coworker/friend, he did not allege that statements were unavailable, only that he did not think they would be necessary or helpful. And as to the statement from his brother, the IJ pointed out that the brother was at the hearing. Blanco-Guerrero now argues that the IJ ignored that his brother was not in Nicaragua during the relevant period; however, the IJ emphasized that the brother could have at least confirmed that Blanco-Guerrero was politically active and held the same political beliefs.

The IJ also reasonably determined that the documentary evidence presented did not corroborate Blanco-Guerrero's political activities or key facts. *See Pinel-Gomez*, 52 F.4th at 529–30 (concluding that lack of corroboration is fatal where the evidence "does not include specific facts sufficient to demonstrate that the applicant is a refugee" (internal quotation marks and citation omitted). Country conditions evidence confirmed that shots were fired on protestors during an April 2018 protest, but neither Blanco-Guerrero's own statement nor the evidence he submitted place him at *that* protest. A letter from his employer did not confirm

6

that he abandoned a company truck in the sugar cane field while fleeing. The letter from a local center for human rights, to which he had submitted a complaint of political persecution before fleeing, provided no specific information about the harm suffered, was based on his own statements to the center, and was filed the day he fled Nicaragua. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013); *see also id.* at 332 ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). The two statements he submitted from neighbors, while confirming generally that he participated in protests, were due little weight as they were created by out-of-court witnesses not subject to cross-examination, made 18 months after the events they described, and were nearly identical. *Id.* at 334; *see also Mei Chai Ye v. U.S. Dep't of Just.*, 489 F.3d 517, 524 (2d Cir. 2007) (holding that "striking similarities between affidavits are an indication that the statements are 'canned'" (internal citation omitted). Moreover, the statements did not corroborate that he was shot at during a protest or that he was beaten and had to flee from masked men, and despite being from neighbors, did not confirm that there was a community-watch member in the neighborhood who purportedly informed on Blanco-Guerrero.

Finally, we reject Blanco-Guerrero's contention that the agency should have

7

separately considered whether there was a pattern or practice of persecution of political protestors. An applicant may establish a fear of future persecution by showing either that he would be "singled out" for persecution or that the country of removal has a "pattern or practice" of persecuting "similarly situated" individuals. 8 C.F.R. §§ 1208.13(b)(2), 1208.16(b)(2). But to state a pattern or practice claim, the applicant must also establish his "own inclusion in, and identification with, such group of persons such that his . . . fear of persecution upon return is reasonable." *Id.* §§ 1208.13(b)(2)(iii)(B), 1208.16(b)(2)(ii). Thus, even assuming Blanco-Guerrero asserted and established a pattern or practice of persecution of people who participate in political protests, his failure to corroborate his political activities and past harm in Nicaragua necessarily means that he did not establish that he is similarly situated. *Id.*

The failure to adequately corroborate his claims with reasonably available evidence is dispositive where, as here, all forms of relief were based on the same factual predicate. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that applicant who fails to meet burden for asylum "necessarily fails to demonstrate the clear probability of future persecution required for withholding of removal, and the more likely than not to be tortured standard required

8

for CAT relief" (internal quotation marks and citation omitted). Blanco-Guerrero's remaining assertions of bias by the IJ and failure to consider that his daughter was bullied and harassed because of his political beliefs are unexhausted because he did not raise them before the BIA. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."); *Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (reiterating that issue exhaustion is mandatory where the Government raises it).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court